[Civ. No. 23769. First Dist., Div. One. Jan. 10, 1968.]

CHARLES W. AVEY et al., Plaintiffs and Appellants, v. COUNTY OF SANTA CLARA et al., Defendants and Respondents.

B. V. Yturbide and Grant A. Winther for Plaintiffs and Appellants.

Toff, Gordon & Royce and Michael G. Briski for Defendants and Respondents.

ELKINGTON, J.—The appeal in this case is taken from a summary judgment in favor of defendants County of Santa Clara and City of Sunnyvale. The action was brought by plaintiffs to recover damages for the alleged wrongful death of their minor son.

In the proceedings for summary judgment, plaintiffs made the following showing. In the City of Sunnyvale in Santa Clara County, public highways known as El Camino Real and Fremont Avenue were separated by a narrow island of land upon which tall shrubbery and foliage was maintained and growing. Across from the island on El Camino Real was a school bus stop where children waited for buses taking them to school. Directly across from the bus stop, on the other side of the island and Fremont Avenue, was a grocery store. Children waiting at the bus stop would sometimes run across El Camino Real, the island and Fremont Avenue, to buy candy and refreshments and then run back again. Defendants knew of this practice, and knew, or should have known, that the view of motorists using the two highways was obstructed by the island's foliage so that they would not see children running through it to or from the store in time to avoid colliding with them as they then ran onto the highway. Plaintiffs' 7-year-old son, while waiting for a school bus, ran to the store. Returning, he crossed the island, and while crossing El Camino Real was fatally struck by an automobile. Defendants had prior notice that another young child had been killed in approximately the same way. Defendants had a reasonable time to eliminate the dangerous condition by erecting a fence or providing traffic control or supervision at times when children were waiting for school buses, but nothing was done to eliminate the danger.

Additionally, the declaration of plaintiff's attorney recited: "[T]his declarant believes there may be evidence (not yet fully verified) that the City, conscious of the danger involved, would on sporadic occasions before and after school provide a policeman to supervise the bus stop in question and would sometimes notify mothers of the children when such an officer would not be available, so the mothers could arrange to supervise the area themselves, but that, on the date of the

accident, the City neither provided such an officer nor gave such notice.''

On their motion for summary judgment defendants established by affidavits and declarations of officials of the State of California, County of Santa Clara and City of Sunnyvale, that the island and El Camino Real were owned, controlled and maintained by the State of California, that neither the City of Sunnyvale nor the County of Santa Clara had maintained the island or El Camino Real, or planted any shrubbery thereon, and that neither the City of Sunnyvale nor the County of Santa Clara had dominion or control over the said island or El Camino Real.

It appears that the City of Sunnyvale and County of Santa Clara did own, control and maintain Fremont Avenue.

Motions for summary judgment are provided for in section 437c of the Code of Civil Procedure. ■ The issue to be determined by the trial court in ruling upon a motion for summary judgment is whether or not the party opposing the motion has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case. ■ The better rule is that the facts alleged in the affidavits of the party against whom the motion is made must be accepted as true, and that such affidavits to be sufficient need not necessarily be composed wholly of strictly evidentiary facts. ■ A summary judgment is proper only if the affidavits in support of the moving party would be sufficient to sustain judgment in his favor, and his opponent does not by affidavit or affidavits show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact. In other words, the affidavits are to be construed with all intendments in favor of the party opposing the motion—here the plaintiff. (*Desny* v. *Wilder*, 46 Cal.2d 715, 725-726 [299 P.2d 257], and see cases there cited.)

The action here was brought under Government Code sections 830-840.6, enacted in 1963, which are substantially a codification of California's Public Liability Act of 1923, formerly Government Code sections 53050 et seq. (See *Flournoy* v. *State of California*, 230 Cal.App.2d 520, 527-528 [41 Cal.Rptr. 190].) As applicable here, the new statute appears to restate the old; no contention is made to the contrary.

Government Code section 835 provides: ''Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff estab-

lishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either: (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or (b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.''

■ Defendants contend that, having no ownership or control or right of control over El Camino Real or the island in question, it cannot be held liable for any dangerous condition thereon. Their contention appears to be supported by *Gillespie* v. *City of Los Angeles,* 36 Cal.2d 553 [225 P.2d 522]. In that case, referring to the predecessor Public Liability Act of 1923, the court said (p. 556): ''. . . it is clear from the wording of the statute that *a city cannot be liable for a dangerous or defective condition of a public street or highway unless it has authority to remedy the condition. . . .''* (Italics added.)

We believe the ruling of *Gillespie, supra,* must be applied to the case before us where neither defendant had authority to remedy the alleged dangerous conditions of El Camino Real or the adjacent shrubbery covered island.

■ Plaintiffs, however, contend that the dangerous condition which caused the death of their son was not confined to El Camino Real and the island, but that it continued through those areas and across Fremont Avenue which was owned, controlled and maintained by defendants. As to Fremont Avenue, they insist, the dangerous condition consisted in the failure of defendants to take ''steps to eliminate the crux of the problem by [1] preventing or discouraging the trips [by the children] through the use of barriers making the store inaccessible or [2] through supervision at appropriate hours'' of the children by a patrolman or supervisor.

■ The scope of Government Code section 835 and the previous Public Liability Act and the extent of the duties imposed thereunder is a question of law for the court, rather than a question of fact for the jury. (*Beyer* v. *City of Los Angeles,* 229 Cal.App.2d 378, 381 [40 Cal.Rptr. 341]; *Jones* v. *Czapkay,* 182 Cal.App.2d 192, 205 [6 Cal.Rptr. 182]; *Campbell* v. *City of Santa Monica,* 51 Cal.App.2d 626, 629 [125

P.2d 561].) Hence it was for the superior court, and now on appeal this court, to determine if, under section 835, there rested upon defendants the duty of maintaining such barricade or providing such supervision.

 Plaintiffs do not point out what type of barricade on Fremont Avenue would be required to make the store inaccessible or unattractive to children waiting at the bus stop without at the same time interfering with the public right to enter the store in question, to enter and leave vehicles parked on Fremont Avenue, and generally to use that thoroughfare with its adjacent curbs and sidewalks. Nor are we presented with any authority imposing such a duty on a political entity under the circumstances here. We must and do hold that such a barricade was not required under section 835 in the exercise of ordinary care by defendants to maintain its street in a reasonably safe condition.

We must assume here that the defendants had notice of the alleged dangerous conditions which brought about the death of plaintiffs' son. But, in our opinion, the defendants were not required to post a patrol on each school day in satisfaction of their duty under section 835 to exercise ordinary care to maintain Fremont Avenue in a reasonably safe condition. Again we are furnished with no authority holding otherwise.

 Plaintiffs point to the language of their attorney's declaration, which we have earlier quoted, to the effect that he *"believes there may be evidence"* that the City of Sunnyvale had on sporadic occasions provided a policeman to supervise the bus stop. They urge that having done so, the city was under a duty to continue doing so.

Although such a declaration must be liberally construed in plaintiffs' favor, the language relied upon falls far short of the requirements of Code of Civil Procedure section 437c which in part states: ''The affidavit or affidavits in opposition to said motion shall be made by the plaintiff or defendant, or by any other person having knowledge of the facts, and together shall set forth facts showing that the party has a good and substantial defense to the plaintiff's action (or to a portion thereof) or that a good cause of action exists upon the merits. The facts stated in each affidavit shall be within the personal knowledge of the affiant, shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto.''

The declaration did not present matter which could properly be considered by the court. (See *Weir* v. *Snow*, 210 Cal.App.2d 283, 289-291 [26 Cal.Rptr. 868]; *Snider* v. *Snider*, 200 Cal.App.2d 741, 750-752 [19 Cal.Rptr. 709]; *Bank of America, etc. Assn.* v. *Oil Well Supply Co.*, 12 Cal.App.2d 265, 269-270 [55 P.2d 885].)

■ Finally plaintiff urges that defendants did not seek to get consent of the state to remove, shorten or thin the obscuring foliage of the island. Defendants being under no duty to correct the condition of such foliage, their failure to ask for such consent was no breach of any duty to exercise ordinary care to maintain its street in a reasonably safe condition. (See *Gillespie* v. *City of Los Angeles, supra,* 36 Cal.2d 553, 556.)

The judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.