[Civ. No. 31415. Second Dist., Div. Two. Sept. 20, 1968.]

CHERRIE ANN KECHTER, a Minor, etc., et al., Plaintiffs and Appellants, v CITY OF DOWNEY et al., Defendants and Respondents.

[Civ. No. 31418. Second Dist., Div. Two. Sept. 20, 1968.]

BETTY ESPRIU et al., Plaintiffs and Appellants, v. CITY OF DOWNEY et al., Defendants and Respondents.

(Consolidated Cases.)

Hagenbaugh, Murphy & Medearis, John G. Davies and Mark F. Joseph for Plaintiffs and Appellants.

Ball, Hunt, Hart & Brown and Clyde C. Beery for Defendants and Respondents.

ROTH, P. J.—Appellants appeal from a judgment on a jury verdict in favor of respondents and against all appellants.

These consolidated cases arose out of a two-car automobile accident occurring on April 15, 1963, at approximately 3:40 p.m. on South Downey Avenue in the City of Downey, California.

At the time of the accident there was a patch of fresh cement in the southbound curb lane, two feet by three feet in size. It was protected by three yellow barricades of the sawhorse type which had been placed there earlier that same day by respondents' highway supervisor. The testimony of the precise location of the barricades was conflicting.

It appears probable that one or two were either over or near the patch and near to the east curb of Downey Avenue or somewhere in between that point and the patch. There were no traffic or any other kind of signs designed to or which did warn motorists of the condition of South Downey Avenue.

Donald Frischer, an expert traffic engineer, testified that in his opinion, the proper barricading method required the adoption of a tapering system based on the formula of the width of the traffic lane times the speed of vehicular traffic. The tapering of barricades should have commenced 420 feet north of the excavation area and a sign should have been provided 100 feet before the beginning of the taper to warn motorists of the channeling of one lane to another.

Prior to the accident the Kechter Chevrolet carrying plaintiffs and appellants in action No. 31415 had stopped on South Downey Avenue for a traffic signal, behind a station wagon,

vehicles proceeded south, moving in the curb lane, the Kechter Chevrolet about two car lengths to the rear of the station wagon. When the station wagon came within the vicinity of the barricades, all of which were invisible to the driver of the Kechter car, it suddenly stopped, or almost stopped, and went around the barricades. The driver of the station wagon gave no signal, and his stop light was not working. When the driver of the station wagon made this sudden movement, the driver of the Kechter car applied her brakes, swerved to her left, for the first time noticed the barricades, apparently knocked down one or more of the barricades, crossed the inside lane to her left, passed over the double white line, and collided head-on with the Espriu car. Plaintiffs and appellants in action No. 31418 were in the Espriu car. The identity of the driver of the station wagon is not known. He is not a party to either action and he was not a witness. Injuries resulted to all of the occupants of both cars.

Each of the actions at bench is predicated upon an alleged dangerous condition of the highway as being the proximate or concurring proximate cause of the accident.

The jury found, in response to special interrogatory I, that the driver of the station wagon was guilty of negligence, which was a proximate cause of the accident. In answer to special interrogatory II, the jury found the driver of the Kechter car *was not* guilty of negligence, which was a proximate cause of the accident.

▆▆▆ Appellants' sole argument on appeal is that an instruction (G-1) offered by respondents and given by the court constituted reversible error.[1]

Respondents contend that the instruction excerpted is proper, and in any event, special instruction No. 23 requested by appellants and given by the court cured any error in the court's instruction G-1.

Special instruction No. 23 requested by appellants reads as follows:

---

[1]The instruction reads as follows:

"In this type of case, where a judgment is sought against a public employee or a public entity, the burden does not rest upon the defendants to prove contributory negligence by a preponderance of the evidence, but rather a party seeking recovery against those defendants must prove affirmatively by a preponderance of the evidence, that the highway was being used with due care at the time and place where the accident occurred. This means that a party seeking to recover must prove not only that he or she was using due care at the time and place of the accident, but that all participants in the accident, whether parties to this litigation or not, were using due care at the time thereof."

"If you find that the plaintiffs' injuries and damages are traceable to the combination of an existing dangerous highway condition and the activities of another motorist and if you also find that the actions of another motorist on the highway were a reasonably foreseeable risk of the dangerous condition created or permitted by the defendants, then the defendants are liable to plaintiffs."

Respondents concede that the criticised instruction (G-1) was patterned after the decision in *Zeppi* v. *Beach*, 229 Cal. App.2d 152 [40 Cal.Rptr. 183], which interpreted former Government Code, section 1953.

The *Zeppi* case holds that in applying Government Code, section 1953, subdivision (e) to a negligence action against a public entity the burden of proof of showing absence of contributory negligence is on the plaintiff, as distinguished from the general rule that a defendant is required to prove contributory negligence as an affirmative defense. In addition, the case holds that the section imposes personal liability on a public agent only if his negligence alone proximately caused the accident, thus eliminating the application of principles of joint tort liability and concurrent causation.

After the *Zeppi* case, Government Code, section 1953 was repealed and the Tort Claims Act was enacted (Government Code, sections 835, 835.2, 835.4). Respondents argue that in many particulars these sections restate proivsions of former Government Code, section 1953 and that the *Zeppi* case is still applicable to this situation. We find nothing in the new sections even remotely concerned with placing the burden of proving absence of contributory negligence on a plaintiff and a denial of concurrent liability for negligence.

Several cases decided subsequent to the enactment of Government Code, sections 835, 835.2 and 835.4, clearly establish that a dangerous condition created by a public entity may be the proximate cause of an injury even though the negligent act of a third person had concurred in producing the injury. The question, in general, being whether the public entity could reasonably foresee the second negligent act. (*Akins* v. *County of Sonoma*, 67 Cal.2d 185, 199 [60 Cal.Rptr. 499, 430 P.2d 57]; *Callaghan* v. *City & County of San Francisco*, 249 Cal.App.2d 696, 701 [57 Cal.Rptr. 639]; *Gardner* v. *City of San Jose*, 248 Cal.App.2d 798, 805 [57 Cal.Rptr. 176].)

It is unnecessary to determine whether the first part of the instruction which required appellants to show an absence of contributory negligence was error, since the jury in

a special interrogatory found that the driver of the Kechter car was not negligent. (See, however, Van Alstyne, Government Tort Liability (Cont. Ed. Bar) California Practice Book No. 24, at page 585.)

Respondents' instruction was diametrically opposed to and cannot be reconciled with appellants' instruction. It is an erroneous statement of the law and it could serve only to confuse the jury. (*Sebrell* v. *Los Angeles Ry. Corp.*, 31 Cal.2d 813, 817 [192 P.2d 898]; *Rackson* v. *Benioff*, 111 Cal.App.2d 124, 129 [244 P.2d 9]; *Soda* v. *Marriott*, 118 Cal.App. 635, 643 [5 P.2d 675].)

The judgment is reversed.

Fleming, J., and Nutter, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.