[Civ. No. 25199. First Dist., Div. Three. Apr. 30, 1969.]

JOYCE IMAJEAN GODWIN, Plaintiff and Respondent, v. EVELYNNE MARTHA LaTURCO et al., Defendants and Appellants.

Leo M. Cook for Defendants and Appellants.

James F. Kemp for Plaintiff and Respondent.

DAVID, J. pro tem.*—This is an appeal from a judgment awarding damages upon the third jury trial of a personal injury action, arising out of an automobile collision of vehicles other than that driven by appellant LaTurco.

Orr Springs Road joins State Highway 101 from the west, and ends at the junction. Mrs. Evelynne M. LaTurco (formerly Dupont) was driving her Rambler station wagon at 35 to 40 miles per hour, south to north, approaching this intersection. Gloria Holtz, co-owner of the Rambler, rode with her. Mrs. Joyce Imajean Godwin, in her Ford, was driving in the same direction, some 50 to 100 feet behind them.

Mrs. LaTurco testified that about 200 feet from the intersection, she put on her signal indicator, preparatory to a left-

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

hand turn into Orr Springs Road. She saw a Chevrolet pickup truck approaching on Highway 101 from the opposite direction (north to south) some 600 or 700 feet away, but could not then estimate its speed. Mrs. LaTurco slowed to 20 miles per hour and had made her turn, crossing the center line of the highway, when she realized the truck driven by Bruce Ball was coming fast. Independent witnesses placed her car completely out of the intersection before Ball came skidding through it, and two witnesses placed her car 100 feet through the intersection and stopped, at that time.

There was testimony that Ball was going from 55 to 70 miles per hour, though the posted limit was 45 miles per hour. Ball panicked some 250 feet away from the intersection. The brakes on his truck were defective, and worked only on the righthand side. He slammed them on. He did not hit appellants' left-turning car. Ball testified that he passed to the rear of appellants' car with at least 6 to 8 feet clearance, but that the brake defect caused him to pull his wheel to the left, swerving his truck across the center line into Godwin's car.

Ball defaulted, and no question arises as to his liability. This appeal is taken from the judgment against the driver and her co-owner of the left-turning car, not involved in the physical collision. The failure of the trial judge, though requested, to give proper instructions, particularly those relative to proximate cause, is assigned as prejudicial error. The respondent contends the instructions given were proper and sufficient. The Supreme Court has approved those requested and refused. (*Akins* v. *County of Sonoma,* 67 Cal.2d 185, 200 [60 Cal.Rptr. 499, 430 P.2d 57].)

 Himself an ardent critic of ritualistic instructions (*The Instruction Ritual,* 13 Hastings L.J. 456) the trial judge refused to give BAJI instruction 104, deleted the only reference to proximate causation, and thus in effect determined as a matter of law that the left turn of Mrs. LaTurco was a proximate cause of the collision. He advised the jury:

''Now. thus, in this case you will have to decide whether the collision between the Ball and Godwin vehicles was caused by a failure of Mrs. LaTurco to use ordinary care in making her left turn.''

''Now, in considering whether Mrs. LaTurco was using the care of a person of ordinary carefulness in making her turn, you should keep in mind that it would be a failure to use ordinary care to turn left when a person of ordinary carefulness would foresee that the oncoming driver would be likely to

react to the turn in a way which is likely to cause someone injury."

"I think it important to point out that there can be more than one cause of an accident or of a collision. The question here is whether or not Mrs. LaTurco failed to use ordinary care in making her left turn and whether or not that was a cause, and I am emphasizing the 'a cause' of the collision."

The trial judge understandably believed that BAJI instruction 104 on proximate cause, standing alone, is loaded with naked abstractions and is not always a ready tool to assist a lay jury. (*People* v. *Hebert*, 228 Cal.App.2d 514, 519-520 [39 Cal.Rptr. 539].) Nevertheless, the omission of such an instruction is an elevator giving ready access to the justices upstairs. (*Clark* v. *State of California*, 99 Cal.App.2d 616, 619 [222 P.2d 300].) The reason is readily apparent.

In a philosophical sense, any given event has a long sequential ancestry. In a hypothetical case, one might reason that an automobile collision would not have happened if A had not been at the point of collision at 1:30 p.m.; A would not have been there if he had arisen five minutes later that morning; or if he had not run the stop sign 10 miles back; or if he had spent two or more minutes in the gas station two miles back; or if A had not speeded up across an intersection immediately prior to the collision. One can validly say that *but for* such events, the collision would not have occurred. ▇ The "but for" test, familiar to every law school graduate, defines *actual cause*, but not *proximate cause*. Whether a cause may be the proximate, effective, or legal cause, demands further characterization; and when some cause is found to be proximate, it still must consist of some negligent act or omission to sustain an award of damages; or to defeat it, in the form of contributory negligence. (*Johnson* v. *Union Furniture Co.*, 31 Cal.App.2d 234, 237-239 [87 P.2d 917]; *Azcona* v. *Tibbs*, 190 Cal.App.2d 425, 428 [12 Cal.Rptr. 232].) The jurors need a definition of the ultimate factual conclusions which, if found, either gives the plaintiff a right to recover or the defendant a right of exoneration.

▇ In a collision case, after giving BAJI instruction 104, some jurists have found it helpful to explain some of these legal postulates in substantially this form: "In determining the issues of proximate cause and negligence, it may be helpful to begin from the collision and work backward. Consider in turn the conduct of each driver, before the event; to discover if there was something he did, or did not do,

which if he had done, or had not done, would have avoided the collision. If you find that there was, you have found a *cause*. If then you find that cause was a real, effective cause in producing the collision under the instructions just given you, you can determine it was a proximate cause of the collision.

"Your duty does not end at this point. You must further examine this conduct, whether it is an act or omission, which you have found to be a proximate cause, to determine whether or not it was negligent conduct. If the person's conduct in question, in the act or omission you have found to be a proximate or efficient cause, was not that of a reasonably prudent person under the circumstances, you may find that negligence and proximate cause are established; but if such conduct was consistent with that ordinary care which a reasonably prudent person would have taken, under all of the circumstances then existing, negligence is not established. though the act or omission may have been a proximate cause.''

We do not believe that the trial judge's shorthand instruction covered the subject so accurately and completely that the requested instructions could be refused. The refusal was prejudicial error. (*Starr* v. *Los Angeles Ry. Corp.*, 187 Cal. 270, 275, 279 [201 P. 599].)

■ Appellants were entitled to a proper instruction upon the problem of supervening intervening cause, upon proper request. Counsel requested BAJI instructions 104-C (revised), 104-C.1 and 104-C.2. The first and third were held to be erroneous in *Ewart* v. *Southern Cal. Gas Co.*, 237 Cal.App. 2d 163 [46 Cal.Rptr. 631]. Here, BAJI 104-C.1 was requested, but it suffers from the same deficiencies. In this connection, attention is invited upon retrial to the Restatement Second of Torts, as presented and discussed in *Ewart, supra.* (*Id.* 170-174) upon which a proper instruction may readily be drafted.

■ Appellants' counsel also requested that Vehicle Code section 21801, subdivision (a) be read to the jury, and also the explanation incorporated in BAJI instruction 150-D. The code section reads: ''The driver of a vehicle intending to turn to the left at an intersection shall yield the right-of-way to all vehicles which have approached or are approaching the intersection from the opposite direction and which are so close as to constitute a hazard at any time during the turning movement and shall continue to yield the right-of-way to such approaching vehicles until such time as the left turn can be made with reasonable safety.'' (Veh. Code, § 21801, subd. (a).)

To instruct on the general duty of care is not necessarily the equivalent of an instruction on the statutory duty of care. (*Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581, 587-588 [177 P.2d 279].) Therefore, it was prejudicial error to refuse to state the requested code section. However, BAJI instruction 150-D was properly refused, since its language relates to former Vehicle Code section 551. The superseding Vehicle Code section 21801 requires a different explanation (*In re Kirk*, 202 Cal.App.2d 288 [20 Cal.Rptr. 787]) now found in BAJI 150-D.1 (revised) : "You may ask yourself the question : When is a vehicle so close as to constitute a hazard during the turning movement? A vehicle is so close as to constitute a hazard to another vehicle headed in the opposite direction and intending to turn left at an intersection whenever a reasonably prudent person in the position of the driver intending to turn left would realize that the two vehicles would probably collide at some time during the turning movement if he did not stop."

In this connection appellants requested the following instruction : (BAJI 138.2) "Every person, who, himself, is exercising ordinary care, has a right to assume that every other person will perform his duty and obey the law, and in the absence of reasonable cause for thinking otherwise, it is not negligence for such a person to assume that he is not exposed to danger which can come to him only from a violation of law or duty by another person." Failure to give this as requested was prejudicial error. (*Washam* v. *Peerless Automatic etc. Co.*, 45 Cal.App.2d 174, 178 [113 P.2d 724] ; 35 Cal.Jur.2d 542-543.)

If BAJI instruction 138.2 had been given, respondent would have been entitled to request the qualifications expressed in BAJI instruction 138, one of which is stated: "However, an exception should be noted: the rights just defined do not exist when it is reasonably apparent to one, or in the exercise of ordinary care would be apparent to him, that another is not going to perform his duty."

Until it was reasonably apparent otherwise in the exercise of ordinary care, appellants at the intersection were entitled to assume that Ball would observe the speed limit, and that his vehicle had brakes in good repair as required by statute (Veh. Code, §§ 26453, 26454) and could if necessary slow down or be stopped within the distances generally required at such speeds. These have been experimentally determined and are generally known to ordinarily prudent

drivers. (Consult The Uniform Table of Driver Stopping Distances [Am.Jur.2d, Desk Book, Automobiles and Highway Traffic, p. 456].)

Particularly in the third trial of a case with such unique features and factual difficulties, the jurors were entitled to have the requested instructions given. We hesitate to require a fourth trial but the law demands reversal.

█ Each party has a right to instructions on his theory of the case, if reasonable, and it finds support in the pleadings and evidence. Failure to give such instructions or to cover them in the instructions given is reversible error. (*Stickel* v. *Durfee*, 88 Cal.App.2d 402, 406-407 [199 P.2d 16]; *Phillips* v. *G. L. Truman Excavation Co.*, 55 Cal.2d 801, 806 [13 Cal. Rptr. 401, 362 P.2d 33].)

The judgment is reversed as to appellants Evelynne Martha (Dupont) LaTurco and Gloria Holtz.

Draper, P. J., and Brown (H. C.), J., concurred.

A petition for a rehearing was denied May 29, 1969, and respondent's petition for a hearing by the Supreme Court was denied June 25, 1969. Mosk, J., and Sullivan, J., were of the opinion that the petition should be granted.