[Civ. No. 35574. Second Dist., Div. Three. Aug. 25, 1970.]

BEATRICE H. CAMPODONICO, Plaintiff and Appellant, v. STATE AUTO PARKS, INC., Defendant and Respondent.

804

## COUNSEL

Hillel Chodos for Plaintiff and Appellant.

Kinkle, Rodiger, Graf, Dewberry & Spriggs and George P. Kinkle, Jr., for Defendant and Respondent.

## OPINION

**ALLPORT, J.**—This is an action for personal injuries and property damage allegedly suffered by plaintiff as a result of defendant's negligence and wrongful conduct in creating and permitting dangerous conditions in an automobile parking structure at 140 South Doheny Drive, Beverly Hills. It was alleged that as a proximate result of such conduct plaintiff was subjected to a criminal attack upon her person on July 28, 1966. It was also claimed that the parking area was so constructed and maintained as to encourage therein the presence of persons of degenerate tendencies, that on the occasion in question defendant's employee customarily in attendance was absent from his duty station, and that these conditions gave rise to or permitted the assault which caused the injuries and damage in question. The answer by general and specific denials put in issue the essential elements of the cause of action and affirmatively alleged the defenses of contributory negligence and assumption of risk. The jury returned a verdict in favor of defendant, and judgment was entered thereon. Plaintiff's motion for a new trial was denied. She has appealed from the judgment.

### Contentions

It is contended on appeal (1) that the evidence established as a matter of law that defendant's negligence was a proximate cause of plaintiff's injuries; (2) that an erroneous instruction on the subject of proximate cause resulted in prejudicial error; (3) that the exclusion of evidence as to other crimes occurring in parking facilities operated by defendant resulted in prejudicial error; (4) that it was prejudicially erroneous to exclude evidence that a former employee of defendant had himself molested two small girls on these premises shortly prior to the incident of July 28, 1966, and evidence that this fact was known to defendant; and (5) that prejudicial error was committed in the exclusion of certain extrajudicial statements by parking attendant Abraham Jess on the day after the incident to a customer, regarding protection against criminal acts.

### Discussion

Defendant admits that plaintiff was lawfully upon the premises and that a legal duty was owed to her. The nature of that duty has been clarified, simplified, and stated succinctly by the Supreme Court in the relatively recent case of *Rowland* v. *Christian,* 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496], as follows: "It bears repetition that the

basic policy of this state set forth by the Legislature in section 1714[1] of the Civil Code is that everyone is responsible for an injury caused to another by his want of ordinary care or skill in the management of his property. The factors which may in particular cases warrant departure from this fundamental principle do not warrant the wholesale immunities resulting from the common law classifications, and we are satisfied that continued adherence to the common law distinctions can only lead to injustice or, if we are to avoid injustice, further fictions with the resulting complexity and confusion. We decline to follow and perpetuate such rigid classifications. The proper test to be applied to the liability of the possessor of land in accordance with section 1714 of the Civil Code is whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others, and, although the plaintiff's status as a trespasser, licensee, or invitee may in the light of the facts giving rise to such status have some bearing on the question of liability, the status is not determinative." (69 Cal.2d at pp. 118-119.)

We do not agree with the contention advanced by plaintiff that the evidence established as a matter of law that defendant's negligence was a proximate cause of plaintiff's injuries, but in view of the conclusions to be reached herein no detailed discussion thereof is necessary.

■ We proceed to a consideration of point (2), the contention that it was prejudicial error to give and reread, at the request of the jury, the following portion of an instruction on causation: "[I]f you decide that the original actor [defendant] was negligent, then you have to consider whether the effect reasonably to be expected from that negligence was altered by an efficient intervening cause. In other words, was the conduct of the second actor [a third party] an efficient intervening agency which alone was the proximate cause of injury? Or, on the other hand, was that later conduct of the secondary actor merely a concurring cause, and the conduct of each actor a proximate cause of the injury? As between these two possibilities, the test is this: If the original actor foresaw, or by the exercise of ordinary care, should have foreseen, the probability of the conduct of the second actor, and if the original actor foresaw or by the exercise of ordinary care should have foreseen, the probability of [*sic*] the original conduct plus the secondary conduct would result in an injury to the third person, then the conduct of both the original and secondary actors joined in proximately causing the injury.

---

[1]Civil Code, section 1714 reads: "Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself."

"But if the conduct of the secondary actor was so highly extraordinary, and such an abnormal response to the situation created by the original actor's conduct so that a reasonable person would regard the second actor's conduct as highly extraordinary and an abnormal reaction to the situation created by the original actor's conduct or lack of conduct, and if the immediate cause of the injury was the conduct of the second actor, then the conduct of the original actor was not the proximate cause of the injury."

Insofar as it is based upon BAJI 104-C (Revised) this instruction is erroneous. (*Godwin* v. *La Turco,* 272 Cal.App.2d 475 [77 Cal.Rptr. 305], wherein it was said: "Appellants were entitled to a proper instruction upon the problem of supervening intervening cause, upon proper request. Counsel requested BAJI instruction 104-C (revised), 104-C.1 and 104-C.2. The first and third were held to be erroneous in *Ewart* v. *Southern Cal. Gas Co.,* 237 Cal.App.2d 163 [46 Cal.Rptr. 631]. Here, BAJI 104-C.1 was requested, but it suffers from the same deficiencies. In this connection, attention is invited upon retrial to the Restatement Second of Torts, as presented and discussed in *Ewart, supra* (*id.* 170-174) upon which a proper instruction may readily be drafted." (272 Cal.App.2d at p. 480.)

We agree with plaintiff that the first of the two paragraphs quoted above is subject to criticism under the general language of *Ewart* v. *Southern Cal. Gas Co.,* 237 Cal.App.2d 163 [46 Cal.Rptr. 631]. We also agree that the second quoted paragraph is susceptible to an erroneous interpretation which would give to defendant an advantage not cognizable in law. The potential for error in the second paragraph lies in the ambiguity of the words "extraordinary" and "abnormal." These terms could be interpreted as meaning either: A. Unforeseeable (unpredictable, statistically extremely improbable, etc.); *or* B. Outside the scope of that which would be done by ordinary man. The instruction was correct if interpreted in sense A, since defendant's conduct would not in fact give rise to liability if the criminal act were unforeseeable. However, the instruction was incorrect if interpreted in sense B. Such an interpretation would almost invariably preclude liability for failure to police against criminal conduct, since there are very few situations indeed to which ordinary men would respond by committing serious criminal offenses. Yet it is not the law that one has no duty to protect against foreseeable criminal acts. (*Wallace* v. *Der-Ohanian,* 199 Cal.App.2d 141 [18 Cal.Rptr. 892]; see Rest.2d Torts, §449.) Thus the instruction in question could have led to erroneous results. The jury could have found all the elements necessary for liability and still, under the instruction, have returned a verdict for defendant on a ground not authorized by law, namely, that the third party's act was "extraordinary" or "abnormal" in sense B. We are unable to say that the jury did not consider and rely upon the possible erroneous aspects of this instruction. The error was

therefore prejudicial. (See *Ewart* v. *Southern Cal. Gas Co., supra,* 237 Cal.App.2d 163, 172-173.)

Since our decision will require retrial the following comments may be helpful. Basically the problem presented is one involving the scope of defendant's duty to plaintiff and is governed by the general rules of negligence and proximate cause. The concept of intervening causation is inapplicable here; the cause of action is based upon the assumption that an act by a third party caused plaintiff's injuries and is addressed to the issue of whether defendant had a duty to prevent such act. "If the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious or criminal does not prevent the actor from being liable for harm caused thereby." (Rest., Torts, § 449, quoted with approval in *Connor* v. *Great Western Sav. & Loan Assn.,* 69 Cal.2d 850, 869 [73 Cal.Rptr. 369, 447 P.2d 609], *Richardson* v. *Ham,* 44 Cal.2d 772, 777 [285 P.2d 269], *Wallace* v. *Der-Ohanian, supra,* 199 Cal.App.2d 141, 144, and *Hession* v. *City & County of San Francisco,* 122 Cal.App.2d 592, 603 [265 P.2d 542]; see also Rest.2d Torts, §§ 449 and 447, com. a.) Further consideration of the cases cited immediately above, as well as of *Rowland, Ewart,* and *Stockwell* v. *Board of Trustees,* 64 Cal.App.2d 197 [148 P.2d 405], should enable the trial court to instruct in a more appropriate manner.

For the assistance of court and counsel in the event of retrial, we also consider briefly the claims made under points (3), (4), and (5) with respect to the exclusion of evidence. ■ As to point (3), the record shows that plaintiff called the president of defendant corporation under Evidence Code section 776 and asked him several questions on whether prior to July 28, 1966, any vandalism or theft of cars had occurred in any of the corporation's parking structures. Objections to the questions were sustained and the answer to one stricken on the ground of irrelevancy. As to point (4), plaintiff called a supervisor employed by defendant and questioned him regarding sexual assaults upon two small girls in April and May 1966 by a former attendant, Samuel Rothman, in the parking structure in question. Although we find no indication in the record that the answers to these questions were ever formally stricken and the jury admonished, it does appear that an objection to the questions was sustained during a discussion in chambers. We find no error in the exclusion of the evidence under points (3) and (4). It is true, as plaintiff argues, that the testimony excluded on both occasions bore some relevance to the material issues in the case. However, the matters sought to be shown by such evidence (such as the existence of persons of violent criminal propensities in the neighborhood or the suitability of the parking structure as a location for perpetrating as-

saults upon the person) were subject to proof by other evidence which was either more directly probative or less prejudicial to defendant, or both. We believe, therefore, that it was within the sound discretion of the trial court to exclude the testimony in question. (See Evid. Code, § 352.) The cases of *Taylor* v. *Centennial Bowl, Inc.,* 65 Cal.2d 114 [52 Cal.Rptr. 561, 416 P.2d 793], and *Hilts* v. *County of Solano,* 265 Cal.App.2d 161 [71 Cal. Rptr. 275], cited by plaintiff, do not persuade us to reach a contrary conclusion.

■ It is further contended, under point (5), that prejudicial error resulted from the sustaining of an objection to testimony of Lawrence H. Nagler regarding a statement made subsequent to July 28, 1966, by Abraham Jess, an employee of defendant, to the witness and a private investigator. Plaintiff offered to prove ". . . that they asked Mr. Jess what arrangements were made for him to protect the safety of the cars from theft and from crimes of this kind, and that Mr. Jess said that it had never happened, no such thing had ever happened; that he could guarantee that while he was there it would never happen." An objection was sustained as to the quoted portion of the conversation, pertaining to Mr. Jess' views of the management made to protect safety. We see no error. Plaintiff misconstrues the scope of his offer of proof. It is limited to "safety of the cars from theft and from crimes of this kind." The trial court properly sustained the objection thereto. The offer fails to indicate that Mr. Nagler was in a position to offer any testimony pertaining to assaults upon customers which would be relevant to prove directly or indirectly any of the material issues of this litigation.

In reviewing the instructions given we note a number of statements therein which tend to confuse—e.g., 104-A limiting proximate cause to "negligent conduct" without specifying whose conduct is referred to. It is suggested that further consideration be given to the instructions prior to submission to the jury on retrial.

The judgment is reversed.

Cobey, Acting P. J., and Schweitzer, J., concurred.