47 Cal.App.3d 264 (1975)
120 Cal. Rptr. 812
JEANELLE MARIE MURRELL, a Minor, etc., Plaintiff and Appellant,
v.
THE STATE OF CALIFORNIA ex rel. DEPARTMENT OF PUBLIC WORKS, Defendant and Respondent.
Docket No. 14609.
Court of Appeals of California, Third District.
April 16, 1975.
*266 COUNSEL
John D. Barr, Foster, Waner, Boone, Monroe, Thurrell, Johnston & Flitner, Tocher & Gazzigli and William W. Coshow for Plaintiff and Appellant.
Harry S. Fenton, Robert F. Carlson, Ronald I. Harrison, Brelend C. Gowan and Kenneth G. Nellis for Defendant and Respondent.
OPINION
FRIEDMAN, Acting P.J.
This appeal requires evaluation of jury instructions where an injured plaintiff charges concurrent negligence of a vehicle driver and of the public entity responsible for maintaining a safe highway.
The injured plaintiff, a minor, was a passenger on a church bus carrying a group of teenagers on a recreational expedition. After the accident she brought suit against the bus operator and the State of California. The bus operator settled and the suit went to trial against the state alone. The trial culminated in a defense verdict and the plaintiff appeals.
The bus was traversing an S-curve on a downhill, two-lane state highway when its right-rear dual wheels left the pavement and slipped onto the sloping shoulder at the right side of the pavement. The bus started "fishtailing." The driver lost control. Along the shoulder, about six feet from the pavement, was a row of palm trees. The right rear of the bus slammed into these trees and the bus overturned, injuring a number of passengers.
*267 The trial produced evidence from which the jury could have inferred negligence of the bus driver. As to the state, plaintiff produced evidence to establish that the highway was dangerous because of the following conditions: the lane in which the bus was traveling narrowed at the point of the accident; at the pavement edge there was an unsafe dropoff to an overly narrow shoulder which sloped away from the pavement; the nearby palm trees created a hazard; advisory speed signs at the S-curve were inaccurate. Expert witnesses commented on these conditions and gave conflicting opinions of the highway's safety. According to the state's evidence, school buses frequently traveled over the highway and had never had an accident.
In addition to the general verdict, the jury returned a special verdict finding, in effect, that the state highway was not in a dangerous condition at the time and place of the accident.
(1) Like a private defendant, a public entity may become liable when its negligence in maintaining dangerous property and the negligence of another party concur as proximate causes of the injury. (Hayes v. State of California, 11 Cal.3d 469, 472 [113 Cal. Rptr. 599, 521 P.2d 855].) (2) Government Code section 830, subdivision (a), defines a dangerous condition of public property as one creating a substantial risk of injury when it is used with due care in a reasonably foreseeable manner.[1] The qualification that the property is dangerous only when used with due care does not require the plaintiff to prove due care on the part of the third party (here, the bus driver) involved in the plaintiff's injury. Rather, the statute means that the condition is dangerous if it creates a substantial risk of harm when used with due care by the public generally, as distinguished from the particular person charged as concurrent tortfeasor. The leading case in point is Callahan v. City and County of San Francisco, 249 Cal. App.2d 696, 702-704 [57 Cal. Rptr. 639]. (See also Jordan v. City of Long Beach, 17 Cal. App.3d 878, 883 [95 Cal. Rptr. 246]; Holmes v. City of Oakland, 260 Cal. App.2d 378, 387 [67 Cal. Rptr. 197]; Van Alstyne, Cal. Government Tort Liability (Cont.Ed.Bar 1969 Supp.) p. 31.)
(3a) Crux of the appeal is plaintiff's charge of error in the rejection of two of its proposed jury instructions. Plaintiff proposed one jury instruction declaring that the exercise of due care by the bus driver was *268 not relevant to the dangerous condition issue and another informing the jury that plaintiff was not required to prove that the bus driver was exercising due care.[2] These instructions were necessary, plaintiff argues, because the court's instructions included the definitions of dangerous condition in Government Code section 830, subdivision (a); this definition permitted the jury to infer erroneously that a dangerous condition would not exist unless the bus driver was using the highway with due care; to guard against that erroneous inference, it was necessary to inform the jury, in explicit terms, that a dangerous condition involved a risk of harm when the public generally  not the driver of the bus  was using the highway with due care.
The jury instructions in this case consisted largely of pattern instructions gleaned by the parties from California Jury Instructions, Civil (BAJI) and submitted to the judge. We summarize the principal instructions as follows: The plaintiff was not responsible for any act or omission of the bus driver (extracted from BAJI No. 3.70); the plaintiff had the burden of proving certain issues, among them that the state highway was in a dangerous condition (based upon BAJI No. 2.60); the state had the burden of proving the bus driver's negligence and that his negligence was the sole proximate cause of the accident; a dangerous condition meant a condition creating a substantial (and not a minor or trivial) risk of injury when the property was used with due care in a foreseeable manner (BAJI No. 11.54); a vehicle driver must exercise ordinary care (BAJI No. 5.00); a violation of the basic speed law is negligence (BAJI Nos. 5.30 and 5.31 combined); the negligence of two persons may concurrently cause an injury, and the concurrent negligence of an absent party supplies no defense (BAJI No. 3.77); if the bus driver's negligence was the sole proximate cause of the accident, the verdict should be for the state (see Akins v. County of Sonoma, 67 Cal.2d 185, 200 [60 Cal. Rptr. 499, 430 P.2d 57]); if the jury found that a *269 dangerous condition of the state's property was a substantial factor in causing the injury but the bus driver's reasonably foreseeable negligence was the immediate cause, the state (in effect) was not relieved of liability (a modification of BAJI No. 3.79).[3]
The trial court cannot be charged with error in rejecting the two instructions set out in footnote 2, ante. Both were formula instructions; both were defective; both shared a vice endemic to formula instructions by failing to recite all the legal prerequisites to the verdict. (4 Witkin, Cal. Procedure, Trial, § 212.) Plaintiff nevertheless argues that the instructions as given distorted the meaning of section 830, subdivision (a).
None of the jury instructions specifically explained the used with due care clause of section 830, subdivision (a), in terms of the difference between two kinds of use  general public use and use at the time and place of the accident. As construed, Government Code section 830, subdivision (a), refers to the former kind of use, not the latter; it does so only in veiled terms; thus an instruction which simply repeats the verbiage of the statute tends to veil the statute's true meaning from the jury. Where, as here, the concurrent negligence of a third party is a focal issue, the jury should be told expressly what the statute only implies.
None of the trial court's instructions  and none of the BAJI instructions  was designed to meet that need directly. A set of instructions would be erroneous which gave the jury the impression that a third party's negligent use would negate existence of a "dangerous condition" and exonerate the public entity from liability. (Callahan v. City and County of San Francisco, supra.) Had the trial judge supplied the jury with an instruction distinctly explaining the used with due care clause, the instructions would have been improved. Nevertheless, the trial court *270 cannot be charged with error at this point because the instructions, in composite, succeeded in conveying the requisite information to the jury.
(4) Jury instructions are sufficient which in composite supply the jury with a well-balanced statement of the necessary legal principles. (City of Los Angeles v. Frew, 139 Cal. App.2d 859, 872 [294 P.2d 1073].) (3b) The court's instructions made the jury aware that the bus driver's negligent use of the highway would not relieve the state of liability for the condition of its highway. One instruction distinctly told the jury that the state would be exonerated if the bus driver's negligence were the sole proximate cause of the accident. That instruction would cause any reasoning juror to recognize that findings of dual negligence and dual causation would vary the result. At that point, the jury instructions on the duty of the vehicle driver and on concurrent causation would come into play.
In particular, the instruction quoted in footnote 3 of this opinion conveyed awareness that the state might be liable even if the negligence of the bus driver were the immediate cause of the accident. That instruction, to be sure, dealt with proximate causation. The statutory elements of "dangerous condition" form a declaration of duty rather than a rule of proximate cause. The instruction, nevertheless, let the jury know that there were conditions under which the state and the bus driver might both be liable for plaintiff's injuries. Although phrased in causational rather than duty parlance, this particular instruction firmly informed the jury that the bus driver's negligence, that is, his negligent use of the highway, need not exonerate the state.
Plaintiff's tactical needs called for jury awareness that the bus driver's negligence would not impede a finding of "dangerous condition." The array of instructions conveyed that notion, but with a generality falling short of plaintiff's tactical desires. (5) When instructions are abstractly correct but too general to meet a party's need, he must request a specific and correct instruction in order to complain on appeal. (Switzer v. State of California, 269 Cal. App.2d 627, 636 [75 Cal. Rptr. 371]; City of Los Angeles v. Frew, supra.) Plaintiff did not request an acceptable instruction on the question in issue.
Plaintiff disagrees with our appraisal of the instruction quoted in footnote 3, ante; charges that it exacerbates the error; criticizes it and its prototype, BAJI No. 3.79; calls them "superseding cause" instructions; *271 points to decisions denigrating the superseding cause theory[4] and other decisions criticizing BAJI No. 3.79 and its forebears;[5] charges that this instruction might have led the jury to view the bus driver's conduct as "extraordinarily negligent" and as a superseding cause of the accident.
Plaintiff's attack on BAJI No. 3.79, as remodeled and given the jury, is an abstraction. This appeal, like others,[6] illustrates the merit of special jury verdicts as aids to appellate review. Here the trial court submitted a special interrogatory to the jury; in response, the jury expressly found that the state highway had not been in a dangerous condition or, in equivalent terms, that the state had not been negligent. Thus the jurors were able to reach the general verdict without reference to the causation issue. If indeed BAJI No. 3.79 beckoned to error within the realm of causality, the jury did not enter the realm. The real significance of BAJI No. 3.79 in this case is its fortuitous utility in informing the jury concerning a significant aspect of the state's duty of care as defined by the "dangerous condition" provisions of the Government Code.[7] It *272 aroused jury awareness that there were indeed circumstances in which the state might be liable, even though a third person had negligently used the highway. It let the jury know that the bus driver's negligence need not exonerate the state. The instruction was not prejudicial, alone or in conjunction with the primary error of which plaintiff complains.
Judgment affirmed.
Regan, J., and Paras, J., concurred.
NOTES
[1] Government Code section 830, subdivision (a), provides: "`Dangerous condition' means a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used."
[2] Plaintiff's two proposed instructions read as follows:

"Whether or not the driver of the bus was exercising due care is not relevant to the question of whether or not this public property was, at the time of the accident, in a dangerous condition. If you find that the public property was in such a condition that it created a substantial risk of harm when used by someone with due care and in a forseeable [sic] manner, and that such condition was a proximate cause of the plaintiff's injuries, then you shall find the State of California liable even though you find that the bus driver was also at fault."
"The plaintiff in this action is not required to prove that the driver of the bus was exercising due care at the time of the accident. The plaintiff is only required to prove that the condition of the property was such that it created a substantial risk of injury to any person who forseeably [sic] would use the property with due care. Therefore, if you find that the public property was in such a dangerous condition, and that such condition was a proximate cause of the plaintiff's injuries, you shall find against the State of California even if you find that the bus driver was also at fault."
[3] We quote the last-mentioned instruction in full:

"If you find that defendant State of California's property was in a dangerous condition within the legal definition of that term and that the dangerous condition was a substantial factor in bringing about an injury to the plaintiff but that the immediate cause of the injury was the negligent conduct of Robert Rose [the bus driver], the defendant is not relieved of liability for such injury if the Plaintiff establishes by a preponderance of the evidence:
"1. At the time that the dangerous condition existed the defendant realized or reasonably should have realized that a third person might act as Rose did; or
"2. A reasonable person knowing the situation existing at the time of the conduct of the third person would not have regarded it as highly extraordinary that the third person had so acted; or
"3. The conduct of the third person was not extraordinarily negligent and was a normal consequence of the situation created by the defendant."
[4] See, e.g., Vesely v. Sager, 5 Cal.3d 153, 163-164 [95 Cal. Rptr. 623, 486 P.2d 151]; Haft v. Lone Palm Hotel, 3 Cal.3d 756, 769-770 [91 Cal. Rptr. 745, 478 P.2d 465]; Mosley v. Arden Farms Co., 26 Cal.2d 213, 220-222 [157 P.2d 372, 158 A.L.R. 872], concurring opinion; Fuller v. Standard Stations, Inc., 250 Cal. App.2d 687, 690-691 [58 Cal. Rptr. 792]; Ewart v. Southern Cal. Gas Co., 237 Cal. App.2d 163, 169-170 [46 Cal. Rptr. 631].
[5] Campodonico v. State Auto Parks, Inc., 10 Cal. App.3d 803, 807 [89 Cal. Rptr. 270]; Ewart v. Southern Cal. Gas Co., supra, 237 Cal. App.2d at page 174; Godwin v. LaTurco, 272 Cal. App.2d 475, 480 [77 Cal. Rptr. 305].
[6] McCloud v. Roy Riegels Chemicals, 20 Cal. App.3d 928, 936-937 [97 Cal. Rptr. 910]; see also, Li v. Yellow Cab Co., 13 Cal.3d 804, 823-824 [119 Cal. Rptr. 858, 532 P.2d 1226].
[7] Relative to a separate aspect of the state's duty of care, BAJI No. 3.79 may have been unsuitable. As adapted in this particular case, it declared in part that the state would not be relieved of liability for a dangerous condition of the highway if the state "realized or reasonably should have realized that a third person might act as [the bus driver] did...." The quoted excerpt of BAJI No. 3.79 expresses the rule of Restatement Second of Torts, section 449: "If the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby."

The Restatement rule has frequently been approved by California courts and represents accepted California tort doctrine. (See cases cited in Campodonico v. State Auto Parks, Inc., supra, 10 Cal. App.3d at p. 808.) Although the authors of BAJI No. 3.79 have expressed the rule in causational terms, it is firmly recognized as a duty criterion. (See, e.g., Connor v. Great Western Sav. & Loan Assn., 69 Cal.2d 850, 869 [73 Cal. Rptr. 369, 447 P.2d 609, 39 A.L.R.3d 224]; Richardson v. Ham, 44 Cal.2d 772, 777 [285 P.2d 269]; see additional cases cited in fns. 4 and 5, ante.)
Viewed as the description of a duty of care, Restatement section 449 evokes some pondering in the context of governmental tort suits. The liability of California public entities for the "dangerous condition" of public facilities is delimited by the carefully articulated provisions of Government Code section 830 et seq., which do not always conform to common law tort doctrine. The "dangerous condition" definition in Government Code section 830, subdivision (a), and the broader duty expressed in Restatement section 449 may be incompatible. Applied to highways and streets, the former imposes a duty to provide physical conditions which do not create a substantial risk of injury when used with due care in a foreseeable manner. (See fn. 1, ante.) Similarly applied, the Restatement rule would demand highway and street safeguards against all foreseeable negligence of motorists. It is difficult to reconcile the statutory rule of care, which permits a presupposition of careful use, with the decisional rule, which requires the actor to guard against foreseeable negligence. (Cf. Akins v. County of Sonoma, supra, 67 Cal.2d at p. 199; Kechter v. City of Downey, 265 Cal. App.2d 877, 880 [71 Cal. Rptr. 844].)
The problem is not pivotal in this case. If indeed BAJI No. 3.79 supplied error, it was error adversely affecting the state and not the private plaintiff; error invited by the state, which requested the instruction. That the state won the verdict despite injection of the Restatement rule, suggests that these doctrinal problems may worry judges and lawyers more than jurors.