[L. A. No. 24125. In Bank. July 20, 1956.]

ANGELITA AGUIRRE, a Minor, etc., Appellant, v. CITY OF LOS ANGELES, Respondent.

Robert A. Ibanez for Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, and William E. Still, Deputy City Attorney, for Respondent.

McCOMB, J.—From an order granting defendant's motion for a nonsuit in an action to recover damages for injuries resulting from a defective condition in a sidewalk maintained by defendant, predicated on the ground that the evidence did not show a cause of action under the Public Liability Act of 1923 (Gov. Code, § 53050 et seq.) because it was insufficient to prove notice or knowledge upon the part of

defendant of the dangerous condition which existed, plaintiff appeals.

The record discloses that on August 7, 1953, plaintiff, a minor, was roller skating on the public sidewalk at the southeast corner of Towne Avenue and 7th Street in the city of Los Angeles. On the sidewalk and flush with it was a cement lid approximately 1 foot by 2 feet in size, about 3 feet from the curb. This lid was called a "pull box." The lid had two brass inverted J-bolts used to raise it. It covered an underground box containing transformers and electrical lines which formed part of the street lighting system in the area. Between the pull box and the curb was a metal lamppost.

While skating plaintiff grabbed the metal lamppost with her left hand and arm. At the same time her metal skates touched the J-bolts and she received a severe electric shock and suffered burns on her arm.

The street lamp system had been installed in the area in 1950. The lines going through the pull box carried over 4,000 volts. The J-bolts extended through the bottom of the lid so that it was possible for them to wear through the insulation of the power lines and become energized by contact with such lines. The J-bolts had worn through the insulation in the power lines causing the J-bolts to become energized, with the result that when plaintiff stepped on them with her skates, at the same time touching the metal lamp standard, she received an electric shock.

At the time of the installation of the street lamp system it had been tested to determine whether there were any defects in the power lines. The electrical lines were not tested or inspected after the initial test although maintenance, such as painting the lampposts, was performed.

Defendant urges in support of the order: *That the evidence fails to disclose defendant had either actual or constructive notice of the defective condition of the public property here involved.*

■ This proposition is unsound for these reasons:

(1) Where the evidence discloses that a municipality has created the condition for which plaintiff seeks to hold it liable, it is not necessary to introduce further evidence to show knowledge upon the part of the municipality of the defective condition created by it which has resulted in injury.

(*Fackrell* v. *City of San Diego*, 26 Cal.2d 196 at 203 [1] [157 P.2d 625, 158 A.L.R. 773] ; *Sandstoe* v. *Atchison, T. & S. F. Ry. Co.*, 28 Cal.App.2d 215 at 219 [4] [82 P.2d 216] ; *Wise* v. *City of Los Angeles*, 9 Cal.App.2d 364 at 367 [4] [49 P.2d 1122, 50 P.2d 1079].)

■ (2) Where the public authority which has planned and constructed a sidewalk and electrical improvements in connection therewith has knowledge of circumstances which reasonably might be expected to result in a dangerous condition as a natural, probable consequence of the work (such as installing electrical equipment etc.), it is incumbent on it to make inspections commensurate in scope with the nature and character of its knowledge and the peril to be avoided. (*Fackrell* v. *City of San Diego, supra,* p. 206 [4a] ; *cf. Beresford* v. *Pacific Gas & Elec. Co.*, 45 Cal.2d 738 at 746 [4] [290 P.2d 498] ; *Nevis* v. *Pacific Gas & Elec. Co.*, 43 Cal.2d 626 at 630 [3] [275 P.2d 761].)

■ (3) Whether a given set of circumstances creates a dangerous or defective condition in a public sidewalk is a question of fact for the determination of the trier of fact (*Fackrell* v. *City of San Diego, supra,* p. 206 [4a et seq.] ; *Polk* v. *City of Los Angeles*, 26 Cal.2d 519 at 525 [3], 527 [5] [159 P.2d 931]), and

■ (4) A judgment of nonsuit can be supported only if, disregarding conflicting evidence, and giving to plaintiff's evidence all the value to which it is legally entitled, indulging every legitimate inference which may be drawn from such evidence, the result is a determination that there is no evidence of sufficient substantiality to support a judgment for plaintiff. (*Bosqui* v. *City of San Bernardino*, 2 Cal.2d 747 at 760 [4] [43 P.2d 547] ; see also cases cited in 16 West's Ann.Cal. Code Civ. Proc. (1955), § 581c, p. 142, note 36.)

■ Applying the above rules to the facts in the instant case it is apparent that defendant, having created the condition which resulted in the injury, had implied notice and knowledge of the defective condition which in fact existed and was under a duty to make reasonable inspections to determine whether a defective condition existed. Likewise, it was a question of fact for the determination of the trier of fact as to whether defendant in view of the circumstances had or had not made reasonable inspection of the electrical system to determine whether any defects existed. Therefore, the

trial court erred in granting defendant's motion for a nonsuit. Reversed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Respondent's petition for a rehearing was denied August 16, 1956.