[S. F. No. 21539.   In Bank.   Feb. 25, 1964.]

ROBERT LEE, Plaintiff and Appellant, v. MASAO ASHIZAWA, Defendant and Respondent.

Garry, Dreyfus & McTernan, Charles R. Garry and Donald L. A. Kerson for Plaintiff and Appellant.

Bronson, Bronson & McKinnon and John S. Martel for Defendant and Respondent.

PETERS, J.—This, like *Kopfinger* v. *Grand Central Public Market, ante,* p. 852 [37 Cal.Rptr. 65, 389 P.2d 529], this day decided, is an appeal from a judgment of nonsuit in a slip-fall case, the trial court having ruled as a matter of law, that the plaintiff had presented no substantial evidence on the issue of liability. In our opinion, the plaintiff presented sufficient evidence to go to the jury on that issue. For that reason the judgment of nonsuit must be reversed.

As pointed out in the *Kopfinger* case, *supra,* the proper rule to be applied in such cases is that the plaintiff is entitled to go to the jury on the issue of liability when the

evidence presented, together with the reasonable inferences predicated thereon, would support a verdict in his favor. A reading of the record discloses that this is such a case.

The facts are as follows: Plaintiff, then 62 years old, slipped and fell on a puddle of oil or grease on the sidewalk in front of property owned by defendant, Masao Ashizawa,[1] at 1667 Sutter Street, San Francisco. The puddle was immediately in front of a garage, in the driveway portion of the sidewalk. The abutting property, owned by defendant, consisted of a two-flat building and a one-car garage, each of the three units being rented to a different tenant, on a month-to-month basis. Defendant, called under Code of Civil Procedure section 2055, testified that neither of his tenants in the flats had an automobile. Defendant, who is in the hardware business, had a key to the garage, and used the garage, jointly with his garage tenant, for the storage of paints and other equipment used in the maintenance of his rental properties in the area. He testified that in the course of utilizing the equipment thus stored, he or his men ''may have'' used the driveway. He stated that he had received no complaints prior to the accident about the presence of oil in the driveway, and that he had never inspected, although he had viewed, the premises while driving by. He could not ''say definitely'' whether he had ever observed any grease or oil in front of his property. In response to the trial court's questions, he stated that, up to the time of the accident, he had never done any maintenance such as cleaning the stairs or sweeping the sidewalk, these tasks previously being taken care of by the tenants, but that subsequent to the accident he began to take care of these areas. Some of this evidence, as pointed out later, was contradicted by one of defendant's own employees.

The plaintiff had lived at 1627 Sutter Street for about six or seven years prior to the accident, and walked past 1667 fairly often, although he had not passed it during the three or four weeks immediately preceding the accident. He stated that in the past he had seen grease there on the sidewalk, but had never reported it to anyone. His wife, who was walking with him at the time of the accident, stated that she passed by 1667 almost every day, and that she too had previously seen grease on the sidewalk there.

After the accident, plaintiff went to defendant's store and

---

[1]The property in question is owned by defendant in joint tenancy with his wife and mother.

told him what had happened. The defendant then dispatched an employee to clean up the driveway. While cleaning up, the employee told plaintiff, ''I have to always be coming around here washing this grease up in this place,'' and said to plaintiff's wife, ''Lady, we always are asking someone around here to clean up this oil.''

If we indulge in all legitimate inferences in plaintiff's behalf, as we must, it must be held that this evidence is sufficient to require that the issue of liability be presented to the jury. As was pointed out in the *Kopfinger* case, *supra*, that body has a wide discretion in considering the evidence before it. It may accept portions of the testimony of a witness and reject other portions. It may disbelieve testimony, and it may rely on circumstantial evidence even when there is direct evidence to the contrary. Moreover, it is not plaintiff's burden to negate all reasonable inferences other than those supporting his claim.

It is obvious that the hazard here involved was created by the defendant, his tenant, or by some third party. If the jury finds it was created by defendant or his tenant, under the circumstances, it could impose liability on defendant. Only if it finds the hazard was created by a third person under the circumstances shown in the record could it exonerate defendant. The choice between these reasonably probable inferences was for the jury.

In the first place, the jury could reasonably infer that defendant, or his employees, in the course of using the property for commercial purposes, created a hazard to pedestrians on the public sidewalk; that he failed to inspect and adequately clean away oil or grease deposited on the sidewalk by his trucks; that he had knowledge of the condition; and that this conduct was unreasonable under the circumstances. This case does not involve a structural defect in the sidewalk (see *Kopfinger, supra,* at p. 858), nor does it involve a situation in which the abutting owner is held answerable merely because of his ownership of the adjacent property. The jury could reasonably find that it was defendant's own commercial activity which created the hazard. Thus, it makes no difference that the hazard was on the sidewalk. Defendant's activity, not the ownership of property, is the basis of liability. It cannot be said that inspection and adequate precautions to protect pedestrians from risks which the defendant knew or had reason to know were created by his activities, would hamper full utilization of the abutting land, nor that it

would be too onerous a duty to cast upon the defendant, in light of the need to accomodate the competing uses of the sidewalk, to make greater effort than was here made for the protection of pedestrians. In *Barton* v. *Capitol Market*, 57 Cal.App.2d 516 [134 P.2d 847], the court held that there is a duty to refrain from affirmative activity which results in a danger to pedestrians. In that case, the abutting owner had sprayed his building with an oily substance, some of which had run down onto the sidewalk, making it slippery. The owner was held liable for the injuries suffered by a pedestrian who fell as a result of the hazard thus created. In *Lay* v. *Pacific Perforating Co.*, 62 Cal.App.2d 233 [144 P.2d 395], the abutting owner was also held responsible for injuries which resulted from a hazard created by his utilization of his property. In the instant case, since the jury could find that defendant's trucks were the source of the oil or grease on the sidewalk, and that defendant had not exercised due care in failing to clean up adequately, the granting of nonsuit was error.

■ In the second place, if the jury should infer that the oil was deposited by the garage tenant, defendant would still be liable. He was a co-user, along with his tenant, of the garage and driveway. The term of the tenancy was extremely short, month-to-month. Thus, defendant retained a good deal of control. Under the facts of the case, including the knowledge on defendant's part that oil on the driveway was a constant and recurring problem, defendant had a duty to inspect and clean up. He may not, under these conditions, be allowed to knowingly permit such a hazard to exist.

■ While a landlord is not answerable for the negligent conduct of his tenants, he is responsible for his own failure to exercise due care. Thus, under the circumstances shown in the record a verdict for the plaintiff would be proper were the jury to find that the grease was deposited by either defendant owner or his tenant. Since, under the evidence, either of such inferences could reasonably be made, it was error to grant the nonsuit.

The evidence would also support a finding by the jury that the hazard had been created by someone other than the owner or his tenant. This might or might not create liability on the owner. In *Kopfinger, supra*, we held that the jury could, under the evidence presented, reasonably have found the defendants liable for plaintiff's injuries. The defendants had a duty of care even though the hazard had been physically

created by a third person, because they were involved in the very activity from which the hazard resulted and economic benefit accrued to them from such activity, i.e., under the facts of the case there existed such a relationship between the activity and the defendants that it was proper that a duty be imposed for the benefit of those endangered. In the instant case, the building and garage are a business enterprise of the owner. Furthermore, although defendant did not occupy the premises, but had let them to a tenant, he can be charged with a good deal of control, as he was a co-user of the garage, and the tenancy was on a month-to-month basis. In a proper case liability might exist for even the acts of a third person. But, in the instant case, there does not appear to have been shown a sufficient connection between the nature of the defendant's enterprise, the likelihood of the risk, and the activity of an unrelated third person to warrant the imposition of responsibility, on the defendant, even though defendant had knowledge that the hazard in fact existed with some frequency. While the plaintiff, upon retrial, may establish that there indeed exists such a relationship as would give rise to a duty, the mere fact of ownership of the adjacent property, without more, does not impose responsibility for hazards on the sidewalk created by unrelated third parties. *Sears, Roebuck & Co. v. Meyer,* 205 F.2d 321, was a case in which the abutting owner was held liable for injuries resulting from a fall on a slippery sidewalk, the hazard presumably having been created by a third person. However, there the defendant owner was also the occupier of the adjacent premises, its business invitees were the predominant, if not sole users of the driveway, and the activity from which the hazard resulted was a part of defendant's business enterprise, intended to accrue to defendant's economic benefit.

Thus there is evidence upon which a jury could reasonably base a verdict for the plaintiff. Therefore it was error to grant the nonsuit.

The judgment is reversed.

Gibson, C. J., Traynor, J., Schauer, J., Tobriner, J., and Peek, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment in favor of defendant.