[Civ. No. 26916.    Second Dist., Div. Two.    Aug. 25, 1964.]

MARY BEYER et al., Plaintiffs and Appellants, v. CITY OF LOS ANGELES et al., Defendants and Respondents.

Boccardo, Blum, Lull, Niland, Teerlink & Bell, Edward J. Niland and Peter G. Stone for Plaintiffs and Appellants.

Roger Arnebergh, City Attorney, Gilmore Tillman, Chief Assistant City Attorney, and Stephen R. Powers, Jr., Deputy City Attorney, for Defendants and Respondents.

FOX, P. J.—This is an appeal from a judgment of nonsuit rendered at the close of plaintiff's case in her action for personal injuries.

There is substantial agreement concerning the facts surrounding plaintiff's injury, which may be summarized as follows: At about 11 a.m. on October 8, 1957, plaintiff was in her car making a left turn from Sepulveda Boulevard onto Chatsworth Street in the San Fernando Valley. Her 6½-year-old daughter was with her in the front seat. Prior to making her turn, plaintiff saw a friend, Mrs. Lorentzen, in a car behind her. Plaintiff completed the turn and proceeded west on Chatsworth Street. She then slowed down and began to drive off the paved portion of the road, intending to stop her car and talk with Mrs. Lorentzen, who had seen plaintiff and was also slowing down. Plaintiff testified that this was her only reason for leaving the roadway. As plaintiff decelerated, Mrs. Lorentzen passed her on the left and pulled her car onto the unpaved shoulder of the road ahead of plaintiff. Plaintiff continued to pull over to the side, traveling at about five miles per hour. Before she reached Mrs. Lorentzen's car, however, plaintiff's car struck an unseen object. The car was brought to an abrupt halt by the impact, resulting in the injuries of which plaintiff complains.

The object that plaintiff ran into was a water valve which had been installed in 1917, at the request of the landowner, for the purpose of providing irrigation water to the adjacent agricultural land. The valve was at least partially obscured from view by weeds that were growing in the area. The valve was not, however, within the right of way dedicated to the public for Chatsworth Street.

The paved portion of the westbound half of Chatsworth Street is 11½ feet wide. The dirt shoulder is 8½ feet wide, providing a total westbound public right of way of 20 feet. Abutting the dirt shoulder is a 10-foot strip of privately owned land, bordered by a fence on the north side of the strip.[1] The water valve in question was about 4 feet away from the edge of the dirt shoulder and entirely on the privately owned strip of land. Plaintiff's car, which struck the valve as she traveled parallel to the roadway, made contact with the valve inside her right front wheel. Following the impact her car was on the private strip of land.

Based upon the foregoing facts plaintiff brought her action for personal injuries against the defendant City of Los Angeles and the Department of Water and Power of the City of Los Angeles.[2] The liability which plaintiff attempted to establish by her evidence was predicated on section 53051 of the Government Code, otherwise known as the Public Liability Act.[3] At the conclusion of plaintiff's case the court, upon motion by the defendant City of Los Angeles, granted a judgment of nonsuit against plaintiff. The nonsuit was based on the trial court's determination that plaintiff had failed, as a

---

[1]Although the status of this strip was originally in issue, it was subsequently stipulated that the strip was not public property for the purpose of the Public Liability Act. The owners of the strip were initially joined as defendants, but plaintiff dismissed her action against them following a settlement.

[2]Mrs. Beyer's husband joined in the complaint as a plaintiff, seeking recovery for damage to the car, of which he was the registered owner. He is also an appellant.

[3]Government Code section 53051 (repealed by Stats. 1963, ch. 1681, § 18) provided: "A local agency is liable for injuries to persons and property resulting from the dangerous or defective condition of public property if the legislative body, board, or person authorized to remedy the condition:

"(a) Had knowledge or notice of the defective or dangerous condition.

"(b) For a reasonable time after acquiring knowledge or receiving notice, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition."

matter of law, to establish a case for recovery under the Public Liability Act. A careful review of the record leads us to the conclusion that this decision should be upheld.

In her brief plaintiff sets forth a number of familiar principles relative to nonsuits with which we are in complete accord. We are fully aware, for instance, that unlike most appeals the review of a judgment of nonsuit requires us to give appellant the benefit of every reasonable presumption and inference which tends to support the right to recovery. Such considerations do not, however, prevent us from sustaining a nonsuit where it has been properly granted. ■■■ The instant case, in our opinion, is an excellent example of the type of case wherein a nonsuit was appropriate.

■■ The scope of the Public Liability Act and the duty imposed on public agencies thereunder is a question of law for the court, rather than a question of fact for the jury. (*Jones* v. *Czapkay,* 182 Cal.App.2d 192, 205 [6 Cal.Rptr. 182] ; *Campbell* v. *City of Santa Monica,* 51 Cal.App.2d 626, 629 [125 P.2d 561].) Therefore we must determine whether the trial court was correct as a matter of law in its interpretation of the Public Liability Act. ■■ At the outset it is to be noted that the Public Liability Act is not to be construed so as to make a municipality an insurer for the safety of all who use its streets. (*Rodkey* v. *City of Escondido,* 8 Cal.2d 685, 689 [67 P.2d 1053] ; *Ellis* v. *City of Los Angeles,* 167 Cal.App.2d 180, 187 [334 P.2d 37].) ■■ The city is required only to exercise ordinary care to maintain the streets in a reasonably safe condition for those using them in a proper manner. (*Rodkey* v. *City of Escondido, supra*; *Waldorf* v. *City of Alhambra,* 6 Cal.App.2d 522, 526 [45 P.2d 207].)

Under the statute the defendant City is liable for injuries resulting from a ''dangerous or defective condition of public property.'' ■■ A street condition is ''dangerous or defective,'' however, only if it constitutes a hazard and a danger to those who are using the street in a normal and customary manner. (*Torkelson* v. *City of Redlands,* 198 Cal.App.2d 354 [17 Cal.Rptr. 899].) Generally, a dangerous and defective condition of a street must be situated within the street itself, unless it is a situation where the condition constitutes a direct menace to travel within the street. (*Rose* v. *County of Orange,* 94 Cal.App.2d 688, 693 [211 P.2d 45].) In the instant case plaintiff was not traveling within the street or the shoulder at the time of the accident. She had voluntarily departed from the thoroughfare on her own business.

Moreover, the water valve was definitely not a menace to anyone using the street or shoulder of the road in its normal and customary manner. If public property is safe in its normal use it cannot be said to be a dangerous and defective condition because someone was injured by using it improperly. (*Ziegler* v. *Santa Cruz City High School Dist.*, 168 Cal.App. 2d 277, 282 [335 P.2d 709].)

The preceding makes unnecessary any lengthy analysis of the numerous cases cited by plaintiff. It is sufficient to point out that these cases are distinguishable on their facts either because they involve a condition on the shoulder of a road within the dedicated public right of way, or because they involve a dangerous condition on the roadway itself that resulted in injury occurring outside the right of way. None of the cases cited extend liability under the Public Liability Act to an alleged dangerous condition on private property.

It has recently been stated that the plaintiff is entitled to have a jury's determination of whether liability exists ''when the evidence presented, together with the reasonable inferences predicated thereon, would support a verdict in his favor.'' (*Lee* v. *Ashizawa*, 60 Cal.2d 862, 863-864 [37 Cal. Rptr. 71, 389 P.2d 535] ; *Kopfinger* v. *Grand Central Public Market*, 60 Cal.2d 852 [37 Cal.Rptr. 65, 389 P.2d 529].) But under no view of the evidence in the instant case could a verdict for the plaintiff be supported. The burden was on the plaintiff to establish that the defendant City owed her a duty and that the duty was breached. (*Ulwelling* v. *Crown Coach Corp.*, 206 Cal.App.2d 96, 105 [23 Cal.Rptr. 631].) Plaintiff did not sustain that burden, and the nonsuit was therefore proper. As was said in *Doria* v. *International Union*, 196 Cal.App.2d 22, at page 32 [16 Cal.Rptr. 429] : ''A trial court should order a nonsuit if the evidence, giving plaintiff benefit of full credit for all favorable evidence together with the reasonable inferences to be drawn therefrom [citation] is legally insufficient to support a recovery—if viewed in its most favorable aspect it does not establish a prima facie case.''

The judgment is affirmed.

Herndon, J., and Roth, J., concurred.

A petition for a rehearing was denied September 16, 1964, and appellants' petition for a hearing by the Supreme Court was denied October 21, 1964.