[Civ. No. 7581.   Fourth Dist.   Dec. 16, 1965.]

GORDON KENT MORGER, a Minor, etc., Plaintiff and Appellant, v. KENNETH L. KNAPP, as Administrator, etc., et al., Defendants and Respondents.

Donald R. Mizener and Wellington Y. Kwan for Plaintiff and Appellant.

Morgan, Holzhauer, Wenzel & Lynberg and Charles A. Lynberg for Defendants and Respondents.

FINLEY, J. pro tem.*—Appeal from a judgment of nonsuit, the action being for personal injuries.

Appellant, a minor of the age of about two years, brought this action through his mother, as his guardian ad litem, for personal injuries allegedly received when a vending machine on a stand in front of the market owned by Guy B. Piltingsrud, since deceased, and his wife, fell upon appellant. When plaintiff-appellant rested his case, which was before a jury, the trial court granted defendants' motion for nonsuit and entered judgment thereon. Appellant urges that this was error because:

(a) The doctrine of res ipsa loquitur is applicable and the case should have gone to the jury.

(b) The court erred in considering contributory negligence when such negligence was not pleaded as a defense; that as a matter of law contributory negligence could not be imputed to the child resting upon some act by his mother, nor can such negligence be imputed to a 2-year-old child.

Appellant accompanied his mother to respondents' store where she purchased groceries. She gave appellant a penny for use in one of three vending machines of the bubble gum variety, all resting on a stand by the front door of the market. While engaged in an attempt to use the penny in one of the machines the stand and machines tipped and fell upon appellant, causing the alleged injuries.

Applying the rule which has been developed through a progression of decisions concerning the granting of a nonsuit we conclude that it will be unnecessary to discuss in detail either of appellant's two contentions noted above. ▆▆▆ Our review of the record discloses evidence upon which a jury could, by disregarding conflicts and resolving all presumptions, inferences, intendments, and questions of doubt in favor of appellant, have reached a verdict favorable to him. Under such circumstances, it is error for the trial court to grant a motion for nonsuit. (*Kopfinger* v. *Grand Central Public Market*, 60 Cal.2d 852 [37 Cal.Rptr. 65, 389 P.2d

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

529]; *Lee* v. *Ashizawa,* 60 Cal.2d 862 [37 Cal.Rptr. 71, 389 P.2d 535]; *Hinds* v. *Wheadon,* 19 Cal.2d 458 [121 P.2d 724]; *Doke* v. *Pacific Crane & Rigging, Inc.,* 80 Cal.App.2d 601 [182 P.2d 284]; *Estate of Lances,* 216 Cal. 397 [14 P.2d 768]; *Anderson* v. *Stump,* 42 Cal.App.2d 761 [109 P.2d 1027].) "A motion for a nonsuit is in effect a demurrer to the evidence and the court must assume that all the evidence received in favor of the plaintiff relevant to the issues is true. All presumptions, inferences and doubtful questions must be construed most favorably to the plaintiff's case." (*Richardes* v. *Richardes,* 211 Cal. 392, 394 [296 P. 816]; *Anderson* v. *Stump, supra.*)

As is stated in *Beyer* v. *City of Los Angeles,* 229 Cal.App. 2d 378 [40 Cal.Rptr. 341], the considerations noted above do not prevent the granting of a nonsuit under proper circumstances. In that case the court said: "But under no view of the evidence in the instant case could a verdict for plaintiff be supported. The burden was on the plaintiff to establish that the defendant City owed her a duty and that the duty was breached. (*Ulwelling* v. *Crown Coach Corp.,* 206 Cal. App.2d 96, 105 [23 Cal.Rptr. 631].) Plaintiff did not sustain that burden and the nonsuit was therefore proper."

It will be noted in the *Beyer* case that the decision turns not upon the establishment of a fact but upon establishment of a legal responsibility. The rule that an invitor of the public must keep his premises in a reasonably safe condition for invitees is so well established that no citation of authority is necessary. Therefore, the question of liability on the part of respondents becomes a question, not of law but of fact, and the rule of the *Kopfinger* and other cases cited above controls.

In giving a brief review of the evidence herein we have given no consideration to conflicts and questions of credibility. If there is any reasonable quantum of evidence of acceptable probative value which would support a finding for appellant the answer then becomes one to be given by the trier of fact in a jury case, rather than by the trial judge.

Here the trial judge, in granting the motion for nonsuit, placed his decision squarely upon the failure by appellant to establish negligence. Appellant called four witnesses who testified concerning the vending machines in question. One of them was Lillian Piltingsrud called as an adverse witness under Code of Civil Procedure, section 2055. She testified she and her husband owned the market where the accident hap-

pened; she recalled appellant being injured in front of their premises; she saw the accident; the machine was broken; the child pulled it over on him; she saw him tip backward with the machine; he was still holding on to the machine; she saw the child lying on the ground; the machine was on top of him; the machines were heavy; her husband picked up the broken machine and put it in the back room; before the accident her husband carried this machine out each day and put it back each day; prior to the accident they had had the machine for about three years; she saw children of varying ages using the machine including 2 and 3 year olds; the machine wasn't fastened to the wall or anything and it had never been fastened during the three years.

Aside from the above summary of the relevant testimony by Lillian Piltingsrud there was testimony by Carolyn Joyce Sahr and her husband that the stand upon which the machines rested was in poor condition and resting on a gravel footing outside the store rather than on concrete. Taken together, this testimony presents a factual situation which we cannot say would preclude a jury from finding negligence on the part of respondents without any reference to the doctrine of res ipsa loquitur. It therefore becomes unnecessary to discuss the question of the application here of that doctrine.

The judgment is reversed.

Brown (Gerald), P. J., and Coughlin, J., concurred.