[Civ. No. 37200. Second Dist., Div. Two. May 26, 1971.]

LESSIE V. JORDAN, Plaintiff and Appellant, v.
CITY OF LONG BEACH, Defendant and Respondent.

[redacted]

## COUNSEL

Clyde A. Jones for Plaintiff and Appellant.

Leonard Putnam, City Attorney, and William E. Emick, Jr., Deputy City Attorney, for Defendant and Respondent.

## OPINION

**HERNDON, Acting P. J.**—Plaintiff Lessie V. Jordan appeals from the summary judgment dismissing her action against the City of Long Beach

brought to recover damages for personal injuries allegedly sustained in a fall caused by the dangerous and defective condition of the public sidewalk maintained by the city. The nature of appellant's alleged cause of action is indicated by the following quoted paragraph of her complaint which follows allegations descriptive of the allegedly dangerous condition and its location and asserting the city's failure to remedy the condition for a long period of time after acquiring knowledge of its existence:

"That as a direct and proximate result of defendant's negligence, recklessness and carelessness, and failing to remedy the said dangerous condition caused by the protruding water pipe, and the broken, sunken portions of the pavement, plaintiff, on or about the 15th day of December, 1968, at or about 2:30 P.M., while alighting from an automobile being driven by her daughter and proceeding into Doc's Laundromat, located at 565 E. Willow St., in the City of Long Beach, Los Angeles County, State of California, stepped in or on a defective portion of the pavement, and protruding water pipe located approximately on the property line between 565 and 569 E. Willow St., in the City of Long Beach, Los Angeles County, State of California, and fell to the pavement."

Respondent's answer consisted of a general denial and five affirmative defenses including contributory negligence and assumption of risk. The third affirmative defense is alleged as follows:

"That this defendant, City of Long Beach, alleges that the liability, if any, of the City of Long Beach, in the present action, depends upon establishing the dangerous condition on property owned or controlled by the City of Long Beach. Since the City of Long Beach did not own, maintain or control the property described in the complaint, the City of Long Beach cannot be held liable for the injuries, if any, alleged to have resulted from the dangerous condition of public property described in the complaint."

After taking appellant's deposition, counsel for respondent filed its notice of motion for summary judgment. The sole ground of the motion and its basis are indicated by the following language of the notice:

"Said motion will be made upon the ground that the plaintiff's complaint has no merit as to this defendant for the following reasons: that the plaintiff's alleged accident occurred entirely on private property and the dangerous or defective condition alleged in the plaintiff's complaint existed entirely on private property and not on property owned by or under the control of the defendant, City of Long Beach.

"Said motion will be based upon this notice of motion, points and au-

thorities attached hereto, the declarations of Lloyd Jenkins, A. Gordon Harker, Jr., and William E. Emick, Jr., the deposition of Lessie V. Jordan, and upon all pleadings, papers, records and files in the above-entitled action."

The motion was supported by the declarations of respondent's investigator, a deputy city attorney and an associate engineer of the city's department of engineering. The declarations of appellant and her attorney were filed in opposition to the motion.

We deem it unnecessary to lengthen this opinion with a detailed recital of the averments of the several declarations. It is sufficient to say that the uncontradicted statements made in respondent's declarations establish the fact that the hole in the paving and the protruding water pipe which allegedly caused appellant's fall were located on private property immediately adjacent to the property line between the portion of the paving which was on city property and that which extended for an unspecified distance northerly on the adjoining private property.

The notice of motion and the declarations filed by respondent incorporate by reference the entirety of appellant's deposition and a number of photographs, some of which were taken by appellant's attorney and others of which were taken by respondent's investigator. Respondent, of course, has relied upon these photographs to establish the fact that the hole in the paving and the protruding pipe were situated on private property. The photographs are well designed to serve this purpose, but they also serve to portray very graphically the existence of a condition in close proximity to the property line which, upon a consideration of all the evidence, the trier of the facts might reasonably find to be dangerous to pedestrians using as a sidewalk the paved area immediately adjacent to the northerly curb line of Willow Street.

These photographs show that the hole in the paving and the protruding pipe are located within approximately 4 feet from the northerly curb of Willow Street and approximately 12 inches north of the line dividing the private and city-owned property. Thus, respondent's own declarations and the incorporated exhibits provide an evidentiary basis for the contention that the portrayed condition existing on the adjoining private property exposed persons using the city-owned property to a substantial risk of injury.

We have concluded, on the basis of the law hereinafter discussed, that respondent's own declarations disclose the existence of triable issues of fact requiring reversal of the summary judgment. The applicable rules governing the proper disposition of motions for summary judgment were recently

restated by the Supreme Court in *Parker* v. *Twentieth Century-Fox Film Corp.,* 3 Cal.3d 176, 181 [89 Cal.Rptr. 737, 474 P.2d 689], as follows:

"The familiar rules are that the matter to be determined by the trial court on a motion for summary judgment is whether facts have been presented which give rise to a triable factual issue. The court may not pass upon the issue itself. Summary judgment is proper only if the affidavits or declarations in support of the moving party would be sufficient to sustain a judgment in his favor and his opponent does not by affidavit show facts sufficient to present a triable issue of fact. The affidavits of the moving party are strictly construed, and doubts as to the propriety of summary judgment should be resolved against granting the motion. Such summary procedure is drastic and should be used with caution so that it does not become a substitute for the open trial method of determining facts.

"The moving party cannot depend upon allegations in his own pleadings to cure deficient affidavits, nor can his adversary rely upon his own pleadings in lieu or in support of affidavits in opposition to a motion; however, a party can rely on his adversary's pleadings to establish facts not contained in his own affidavits. (*Slobojan* v. *Western Travelers Life Ins. Co.* (1969) 70 Cal.2d 432, 436-437 [74 Cal.Rptr. 895, 450 P.2d 271]; and cases cited.) Also, the court may consider facts stipulated to by the parties and facts which are properly the subject of judicial notice. [Citations.]" .

In the interests of brevity we incorporate herein by this reference the provisions of Government Code sections 835, 835.2 and 835.4 which define the general extent, the boundaries and the limits of public entity liability; section 830 with its definition of terms; and section 830.2 relating to minor, trivial or insignificant risks.

The Law Revision Commission Comment in respect to section 830 is apposite here and states in part: "Under the definition as it is used . . . a public entity cannot be held liable for dangerous conditions of 'adjacent property.' A public entity may be liable only for dangerous conditions of its own property. But its own property may be considered dangerous if . . . a condition on the adjacent property exposes those using the public property to a substantial risk of injury."

"The question whether a dangerous condition existed that caused the plaintiff's injury is, as a general rule, one of fact, although it may be determined as a matter of law if reasonable men can draw but one conclusion from the evidence presented." (*Holmes* v. *City of Oakland,* 260 Cal.App. 2d 378, 386 [67 Cal.Rptr. 197]; *Branzel* v. *City of Concord,* 247 Cal. App.2d 68, 73 [55 Cal.Rptr. 167]; *Aguirre* v. *City of Los Angeles,* 46

Cal.2d 841, 844 [299 P.2d 862]; *Gray* v. *Brinkerhoff,* 41 Cal.2d 180, 183 [258 P.2d 834].)

■ The test, as set forth in *Callahan* v. *City and County of San Francisco,* 249 Cal.App.2d 696, 702 [57 Cal.Rptr. 639], is whether the condition created a substantial risk of harm to persons generally who would use the public property with due care in a foreseeable manner. Hence, "in order to prove his case, plaintiff must show 'that the condition was one that created a hazard to *a person* who foreseeably would use the property or adjacent property with due care.'" (*Holmes* v. *City of Oakland, supra,* 260 Cal.App.2d 378, 387.)

■ Reference to several comparatively recent decisions is sufficient to show that a dangerous or defective condition may be found to exist on public property sufficient to impose a duty upon the public entity to take corrective or protective measures notwithstanding that the danger exists only by reason of a condition existing on adjacent privately owned property. (*Holmes* v. *City of Oakland, supra,* 260 Cal.App.2d 378; *Branzel* v. *City of Concord, supra,* 247 Cal.App.2d 68; *Gallipo* v. *City of Long Beach,* 146 Cal.App.2d 520 [304 P.2d 106]; *Marsh* v. *City of Sacramento,* 127 Cal.App.2d 721 [274 P.2d 434].)

In *Marsh* v. *City of Sacramento, supra,* 127 Cal.App.2d 721, the City of Sacramento was held liable for injuries sustained by a pedestrian as a result of a fall from the edge of the sidewalk into a vacant lot, the surface of which lay some eight feet below the edge of the sidewalk. It was conceded there was no defect in the surface of the sidewalk. At page 724 the court quoted the following from *Peters* v. *City & County of San Francisco,* 41 Cal.2d 419, 429 [260 P.2d 55]:

" . . . The city is under a duty to keep sidewalks in safe condition, it is directly liable to pedestrians for failing to correct a dangerous condition of which it had notice, and it is not relieved of its responsibility in this regard merely because the condition was created or maintained by a property owner who might also be liable to pedestrians for injuries resulting therefrom."

Respondent relies upon the decisions in *Beyer* v. *City of Los Angeles,* 229 Cal.App.2d 378 [40 Cal.Rptr. 341], and *Lewis* v. *County of Contra Costa,* 130 Cal.App.2d 176 [278 P.2d 756], for the proposition that "The city is not liable for injuries caused by conditions maintained by others upon property neither owned by nor under the control of the city."

The cited cases are readily distinguishable from the case at bench. In *Beyer* we affirmed a judgment of nonsuit where plaintiff's own testimony

disclosed that her car had struck an obstacle located on private property after she had deliberately departed from the travelled portion of the roadway in a manner that was manifestly abnormal and improper. We reiterate here what we said there at page 382, namely: "If public property is safe in its normal use it cannot be said to be a dangerous and defective condition because someone was injured by using it improperly."

In *Lewis* v. *County of Contra Costa, supra,* 130 Cal.App.2d 176, the judgment in favor of the defendant county entered upon a jury verdict was affirmed. We are fully in accord with the law as stated in that factually distinguishable case.

The judgment is reversed.

Compton, J., concurred.

**FLEMING, J.**—I concur in the reversal of the summary judgment in favor of the City of Long Beach. However, the dangerous condition complained of existed on property which was privately owned and maintained—not on property owned or maintained by the city. The city's pleading sets forth, and the photographs in the declarations suggest, that the city did not maintain a sidewalk in this particular area. If this is true, then I do not believe the city can be held liable for a dangerous condition created by an adjacent property owner who has black-topped or paved a portion of his property adjoining the public highway and then allowed that portion to deteriorate. The city can be held liable to a pedestrian for the dangerous condition of adjoining property only if it purported to establish at that location, and did establish, a sidewalk for the general use of the public. (Cf. *Beyer* v. *City of Los Angeles,* 229 Cal.App.2d 378 [40 Cal.Rptr. 341].)