Opinion
 

 BROWN (G. A.), P. J.
 

 Harry Goss, plaintiff in this personal injury action, appeals from a summary judgment for the defendant, State of California.
 
 [1]
 
 The issue is whether the hole into which the plaintiff fell, located on County of Kern property a substantial distance off the right-of-way of a freeway owned by the state, constituted a dangerous condition of state property.
 

 The state filed two declarations with accompanying engineering maps in support of its motion for summary judgment. Plaintiff filed none. The facts are undisputed. The complaint alleges that in the early morning hours of July 29, 1976, plaintiff had parked the truck of his employer, a trucking company, on the shoulder of Highway Interstate 5 at Fort Tejón, Kern County, had alighted from the truck to inspect its brakes and tires, and while making the inspection he fell into an open “concrete hole” and suffered injuries. It is alleged that the hole was not visible at night and was not guarded by any protective device.
 

 
 *429
 
 The concrete hole was a “drop inlet” (apparently serving a drainage purpose) located adjacent to a county road reached by way of an off-ramp from the state highway, roughly 150 feet from the state highway by way of the road and about 53 feet away from the state’s right-of-way boundary at the nearest point. A freeway fence separated the state property from the adjacent county road. Thus the state did not have either ownership or control over the property where the injury occurred. Having neither ownership nor control of the hole itself or the property upon which it was located, it had no power to prevent, remedy or guard against the dangerous condition on the county property where it was located.
 
 (Gillespie
 
 v.
 
 City of Los Angeles
 
 (1950) 36 Cal.2d 553, 557 [225 P.2d 522];
 
 Low
 
 v.
 
 City of Sacramento
 
 (1970) 7 Cal.App.3d 826, 833-834 [87 Cal.Rptr. 173].)
 

 Under Government Code section 835
 
 [2]
 
 a public entity may be liable for injuries caused by a dangerous condition of
 
 its property
 
 if the dangerous condition “created a reasonably foreseeable risk of the kind of injury which was incurred.” Section 835 makes clear that an entity’s liability exists only where there is a dangerous condition of
 
 its
 
 property, stating: “Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property . . . .”
 

 Section 830, subdivision (a), defines “dangerous condition” to mean “a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with dire care in a manner in which it is reasonably foreseeable that it will be used.” The Law Revision Commission in its comment to section 830 summarized the applicable law: “Under the definition as it is used in subsequent sections, a public entity cannot be held liable for dangerous conditions of ‘adjacent property.’ A public entity may be liable only for dangerous conditions of its own property. But. . .
 
 its own property may be considered dangerous if a condition on the adjacent property exposes those using the public property to a substantial risk of
 
 injury.” (Cal. Law Revision Com. com. to Gov. Code, § 830, 32 West’s Ann. Gov. Code (1966 ed.) p. 170; Deering’s Ann. Gov. Code (1973 ed.) foil. § 830, p. 181; italics added.) (See
 
 Jordan
 
 v.
 
 City of Long Beach
 
 (1971) 17 Cal.App.3d 878, 882 [95 Cal.Rptr. 246];
 
 Holmes
 
 v.
 
 City of Oakland
 
 (1968) 260 Cal.App.2d 378, 385 [67 Cal.Rptr. 197].)_
 

 
 *430
 

 Shea
 
 v.
 
 City of San Bernardino
 
 (1936) 7 Cal.2d 688 [62 P.2d 365] is illustrative of the principle that a public entity’s property may be considered dangerous if a condition on the adjacent property exposes those using the public property to a substantial risk of injury. In that case the plaintiff was injured when the car in which she was riding as a passenger, traveling on a city street at normal speed, hit a bad bump at a railroad crossing. Affirming a judgment for the plaintiff, the court said that even assuming the city was powerless to compel the railroad to alter the tracks so as to remedy the condition, the city “was nevertheless not relieved from the duty to warn persons lawfully using the street that a dangerous condition existed.” (7 Cal.2d at p. 693.) (See also
 
 Jordan
 
 v.
 
 City of Long Beach
 
 (1971) 17 Cal.App.3d 878 [95 Cal.Rptr. 246]—a pedestrian was injured by a protruding water pipe located on private property 12 inches from the dividing line between the city property and the private property;
 
 Marsh
 
 v.
 
 City of Sacramento
 
 (1954) 127 Cal.App.2d 721 [274 P.2d 434]—plaintiff was injured when he fell from the edge of a city sidewalk 8 feet to the bottom of an excavated area of the abutting private land, there being no guard rail or other structure to prevent a pedestrian from falling or to warn of the danger;
 
 Rose
 
 v.
 
 County of Orange
 
 (1949) 94 Cal.App.2d 688 [211 P.2d 45]—plaintiff was injured when the car which he was driving, traveling slowly in the fog on a county road, came to a “T” intersection with a state highway, and because there was no appropriate warning sign proceeded on across the highway and ran into an adjacent ditch located on private property.)
 

 These cases are clearly distinguishable from the case at bench, the key being the proximity and juxtaposition of the dangerous condition on adjacent property to the entity’s property so that it can be reasonably said that the condition existing on the adjacent property exposed persons using the entity’s property to substantial risk of injury. (See
 
 Gillespie
 
 v.
 
 City of Los Angeles, supra,
 
 36 Cal.2d 553;
 
 Beyer
 
 v.
 
 City of Los Angeles
 
 (1964) 229 Cal.App.2d 378 [40 Cal.Rptr. 341];
 
 Avey
 
 v.
 
 County of Santa Clara
 
 (1968) 257 Cal.App.2d 708 [65 Cal.Rptr. 181];
 
 Petersen
 
 v.
 
 City of Vallejo
 
 (1968) 259 Cal.App.2d 757 [66 Cal.Rptr. 776].) Further, the public entity must be in a position to take measures to protect against the dangerous condition. (§ 835, subd. (b).)
 

 Thus, in
 
 Beyer
 
 v.
 
 City of Los Angeles, supra,
 
 the plaintiff sued the city for injuries she suffered when her car struck a hidden water valve on private land adjacent to a public road for which the city was responsible. She had driven off the roadway a few feet onto the private land to stop and talk with a friend. The water valve her car struck was about four feet
 
 *431
 
 from the boundary of the road right-of-way and was hidden by foliage. A judgment of nonsuit was affirmed on appeal. The court said: “A street condition is ‘dangerous or defective’ . . . only if it constitutes a hazard and a danger to those who are using the street in a normal and customary manner.
 
 (Torkelson
 
 v.
 
 City of Redlands,
 
 198 Cal.App.2d 354 [17 Cal.Rptr. 899].) Generally, a dangerous and defective condition of a street must be situated within the street itself, unless it is a situation where the condition constitutes a direct menace to travel within the street.
 
 (Rose
 
 v.
 
 County of Orange,
 
 94 Cal.App.2d 688, 693 [211 P.2d 45].) In the instant case plaintiff was not traveling within the street or the shoulder at the time of the accident. She had voluntarily departed from the thoroughfare on her own business. Moreover, the water valve was definitely not a menace to anyone using the street or shoulder of the road in its [sic] normal and customary manner.” (229 Cal.App.2d at pp. 381-382.)
 

 In the case now before us the hazard that plaintiff encountered on the county property after leaving the state highway and traveling some 150 feet down a county road and 53 feet off of the state’s right-of-way was not one creating a substantial risk of injury to those using the state highway. Rather, the danger arose by reason of a condition on county property and the use by the plaintiff of that property which was not so proximately located to the state highway as to give rise to a danger to persons using the state property. It is the safety in the use of the state highway that the statute is concerned with in this context. In every case where a public entity has been held liable under the statute for injuries caused by a condition of adjacent property, the injury was incurred in the use or attempted use of the public entity’s property by the person injured. Here the plaintiff was not using or attempting to use the state highway or any other state property when he was injured. His injury was not caused in any sense by a condition of state property. Therefore, as a matter of law, his injury cannot be said to have been proximately caused by a dangerous condition of state property. A contrary conclusion would expose public entities to lawsuits and possible liability for multifarious defects and conditions existing substantial distances off entity property, which conditions they have no authority to correct or guard against.
 

 Moreover, there is no practical way the state could have taken measures to protect those traveling on the state highway. It could not have posted signs on county property. Posting a sign on the state property on this busy expressway to warn of a comparatively small hole existing some 150 feet down a county road off of the highway and off the county road would have been totally impracticable and ineffective. It would
 
 *432
 
 seem obvious that if someone traveling on the busy highway should see such a sign on the state property it would be meaningless unless the state also supplied a map to enable the person to seek out and find the drop inlet.
 

 We conclude that the uncontroverted facts left no triable issue on which a finding could have been reasonably made that plaintiff’s injuries were proximately caused by a dangerous condition of state property.
 

 The judgment is affirmed.
 

 Franson, J., and Hopper, J., concurred.
 

 [1]
 

 The County of Kern remains a party defendant.
 

 [2]
 

 All statutory references are to the Government Code unless otherwise cited.